UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **JOHN BENJAMIN HICKMAN, JR.** | **CIVIL ACTION NO. 25-1285** |
| **VS.** | **SECTION P** |
| | **JUDGE TERRY A. DOUGHTY** |
| **MICHAEL MCDUFFY, ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## MEMORANDUM ORDER

Plaintiff John Benjamin Hickman, Jr.,[1] who proceeds pro se and in forma pauperis, filed this proceeding on approximately September 2, 2025, under 42 U.S.C. § 1983. [doc. # 1]. Plaintiff filed this action when he was incarcerated in Red River Parish Jail. [doc. #s 1, p. 5; 1-3; 10, p. 2].

Under 28 U.S.C. § 1915(g), "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

Here, federal district courts have, in at least three separate proceedings Plaintiff filed while he was incarcerated or detained, dismissed Plaintiff's civil rights complaints as either frivolous, malicious, or for failure to state a claim on which relief can be granted:

    (1) *John Benjamin Hickman, Jr., v. Johnny Ray Norman, et al.,* 5:11-cv-0135 (W.D. La. August 8, 2013) (dismissing Plaintiff's civil rights claims with prejudice as frivolous);

---

[1] Plaintiff's Louisiana Department of Public Safety and Corrections number is 455235.

(2) *John Benjamin Hickman, Jr., v. Red River Health Dept., et al.*, 5:16-cv-0195 (W.D. La. August 29, 2016) (dismissing Plaintiff's civil rights complaint with prejudice as frivolous and for failing to state a claim on which relief may be granted);[2] and

(3) *John Benjamin Hickman, Jr., v. Glen Edwards*, 5:22-cv-0698 (W.D. La. July 13, 2022) (dismissing Plaintiff's civil rights complaint with prejudice as frivolous and for failure to state a claim upon which relief may be granted).

In addition, the Court does not find that Plaintiff was in imminent danger of serious physical injury when he filed this proceeding or when he applied to proceed in forma pauperis.[3] Plaintiff appears to primarily contest his criminal charge of obscenity, and he also suggests that officials involved in his charge are corrupt. [doc. # 1, pp. 5-6].

Accordingly, **IT IS ORDERED** that the Memorandum Order granting Plaintiff in forma pauperis status, [doc. # 12], is **REVOKED AND RESCINDED**.

**IT IS FURTHER ORDERED** that for Plaintiff's claims to remain viable, Plaintiff must pay the full $405.00 filing fee in one lump sum within **twenty-one (21) days** from the date of this Memorandum Order. **FAILURE TO PAY THE FULL FILING FEE WILL RESULT IN THE PLEADINGS BEING STRICKEN FROM THE RECORD**.

**IT IS FURTHER ORDERED** that considering the revocation of the Memorandum Order granting Plaintiff in forma pauperis status, the Clerk of Court shall instruct any Prison Accounts Officer to discontinue automatically withholding funds from Plaintiff's inmate account

---

[2] *See Hickman v. Red River Health Dep't*, 777 F. App'x 752 (5th Cir. 2019) (observing that *Hickman*, 5:16-cv-0195, and *Hickman*, 5:11-cv-0135, constituted "two strikes for purposes of 28 U.S.C. § 1915(g).").

[3] *See Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998) ("[A] prisoner with three strikes is entitled to proceed with his action or appeal only if he is in imminent danger *at the time that he seeks to file his suit in district court or seeks to proceed with his appeal or files a motion to proceed IFP*.") (emphasis added).

for this proceeding only.

    In Chambers, Monroe, Louisiana, this 23rd day of October, 2025.

                                                                      _____
                                                                       Kayla Dye McClusky
                                                                       United States Magistrate Judge